JOSEPH HILL and ROBERT LOUIS PRYOR, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

461 S.W.2d 50.

Court of Criminal Appeals of Tennessee. Oct. 1, 1970.

Certiorari Denied by Supreme Court Nov. 16, 1970.

332

Hugh W. Stanton, Jr., Memphis, for plaintiffs in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Jewett H. Miller, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendants, Joseph Hill and Robert Louis Pryor, were each convicted of robbery with a deadly weapon and sentenced to 30 years' imprisonment. From these judgments they appeal to this court.

The State's proof showed that at about 9:30 P.M., November 21, 1967, Raymond C. Blair was held up by two men at the intersection of Vance Avenue and Front Street in Memphis. One held a knife to his throat and the other cut his pocket and removed his wallet containing $140. They also took his watch. After chasing them a short distance, Blair notified an officer and described one of the robbers as wearing a three-quarter length black leather coat. After receiving the description over a police radio, another officer saw Hill a few minutes later carrying such a coat over his left arm. Hill gave his name as Larry Brown. When asked for identification, he tried to remove his billfold without moving the hand under the coat. The officer was suspicious of this conduct and looked under the coat. There he saw a knife and Blair's billfold containing his identification papers.

Hill told officers that Pryor was the other robber. This led to Pryor's arrest. Both signed written confessions. An officer found the watch behind a trunk in the hall outside Pryor's room.

Hill did not testify. Pryor testified that he was in his room at the time of the robbery and had nothing to do with it. Each says that his confession was improperly admitted and that he did not, in fact, confess to the crime.

■ The officers testified that they warned each defendant in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, at the time of his arrest and a number of other times. In hearings out of the presence of the jury, the defendants denied receiving the warnings or making any statement. They say that the confessions were prepared for them out of their presence and that they signed only on account of threats. The trial judge's finding that the warnings were proper and the statements were voluntary is fully sustained by the proof. See Lloyd v. State, Tenn., 440 S.W.2d 797; State v. Morris, Tenn., 456 S.W.2d 840 (1970).

■ The defendants complain that they did not receive a speedy trial. The indictment was returned December 5, 1967. Hill was sent to Central State Hospital for a mental examination February 15, 1968. The report showing him sane was made May 6, 1968, and the trial judge set trial for June 25, 1968. The minutes show five resettings on application of the defendants and one by consent before the case was heard April 14, 1969. The record shows no motion for a speedy trial. This assignment is without merit.

■ ■ By instructing the jury that flight of an accused is a circumstance which when considered together with all the facts of the case may justify an inference of guilt, Hill says the court commented on the weight of the evidence. It is proper and not invasive of the province of the jury for the court, in charging on the flight of accused, to tell the jury that it is a circumstance which may be considered by it, and from which it may draw an inference of guilt in connection with other circumstances. 23A C.J.S. Criminal Law § 1185. We think the

charge on flight was fair and does not violate Article 6, Section 9, of the Constitution of this state. This assignment by Hill is overruled.

After a character witness testified for Pryor, the assistant district attorney general on cross-examination asked about his knowledge of other charges against this defendant. In Crawford v. State, 197 Tenn. 411, 273 S.W.2d 689, the court said:

> "* * * (E)vidence of good character cannot be rebutted by evidence of specific acts of misconduct or of rumors of same, but when a witness gives a party a good character, he may be cross-examined as to particular acts or charges or rumors of misconduct he has heard, or as to facts known to him, including what the witness himself may have said at a particular time; all, however, only for the purpose of testing the value of the witnesses' evidence in chief."

See also Taylor v. State, 212 Tenn. 187; 369 S.W.2d 385. This assignment is overruled.

■ Hill assigns as error that the court permitted Blair to testify that he identified him in a lineup shortly after the alleged crime. The officers testified that Hill was given an opportunity to have a lawyer and signed a waiver for the lineup. He says he asked for a lawyer and only under duress signed a waiver of counsel form after the lineup. He also denied the signature on a telephone call form. We think on the proof before him the trial judge properly held that Hill was given an opportunity to have appointed counsel at the lineup and that he waived such representation. The conduct of the lineup was fair. This assignment is overruled.

 Pryor contends that the court should have allowed into evidence a copy of a letter from Hill to the district attorney general exonerating Pryor by saying he was not with him at the crime and explaining why he had implicated Pryor. This was hearsay and the trial judge properly held it inadmissible.

We have considered all of the assignments of error, and find them without merit.

The judgment is affirmed.

RUSSELL, J., concurs.